IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

In re. Ahmed Olasunkanmi Salau,

    Debtor/Appellant.

                              Civil Action No.  1:15-11078

**MEMORANDUM OPINION AND ORDER**

Pending before the court are appellant's motions for leave to file an interlocutory appeal.  (Doc. Nos. 2, 4).  For the reasons that follow, appellant's motions are **DENIED**.

**I.  Background**

On January 8, 2015, appellant filed for Chapter 7 bankruptcy protection in this district.  (In re. Salau, Bankruptcy Petition 1:15-bk-10001, Doc. No. 1).  On March 20, 2015, the Chapter 7 Trustee filed a notice of intent to abandon certain property, namely all lawsuits listed on appellant's schedules and statement of financial affairs.[1]  (In re. Salau, Doc. No. 44).  According to the Trustee, the property was "encumbered by a valid security interest which render[ed] the property as being of insignificant equity value to the estate,

---

[1] The Trustee filed an amended notice on April 9, 2015, which was the same as the original notice, but also included a mailing matrix listing all creditors involved in the bankruptcy petition.  (In re. Salau, Doc. No. 49).

and/or burdensome to the estate, and/or not encumbered by any valid security interest but of insignificant value to the estate." Id.

On March 27, 2015, the bankruptcy court scheduled a hearing on the Trustee's notice of intent to abandon the specified property. (In re. Salau, Doc. No. 47). The same day, appellant moved the bankruptcy court to appear by telephone at the scheduled hearing. (In re. Salau, Doc. No. 48). On April 9, 2015, appellant filed a notice of objection to the Trustee's proposed abandonment. (In re. Salau, Doc. No. 53). In his objection, appellant argued that the Trustee's amended notice was deficient and did not prove that the property proposed for abandonment presented no value to the estate. Id.

On April 9, 2015, the bankruptcy court denied appellant's motion to appear by telephone at the scheduled hearing on the Trustee's proposed abandonment, but nonetheless rescheduled the hearing for May 20, 2015. (In re. Salau, Doc. Nos. 55, 56). Less than a week before the hearing, appellant filed a motion to continue. (In re. Salau, Doc. No. 62). The bankruptcy court granted this motion and rescheduled the hearing for June 18, 2015, giving appellant roughly one month longer to prepare. (In re. Salau, Doc. No. 63). Days before the rescheduled hearing, appellant again moved the bankruptcy court for a continuance. (In re. Salau, Doc. No. 66). The bankruptcy court denied the

motion and held the hearing as scheduled on June 18, 2015. (In re. Salau, Doc. Nos. 67, 74). Appellant did not appear. After hearing the Trustee's arguments and considering appellant's objections, the bankruptcy court granted the Trustee's motion to abandon. (In re. Salau, Doc. Nos. 74, 77).

One week after the bankruptcy court entered an order granting the Trustee's motion, appellant filed the instant motion for interlocutory appeal. (Doc. No. 1; In re. Salau, Doc. No. 79). In his motion, appellant designates two issues for review:

(1) whether the bankruptcy judge abused his discretion by denying appellant's motion to continue and denying leave to appear at the hearing by telephone; and (2) whether the bankruptcy judge committed clear error when he granted the Trustee's motion to abandon property.[2] (Doc. No. 4 at 2).

---

[2] Appellant filed two motions for interlocutory appeal on the same day, initiating the instant case and In re. Salau, Civil Action No. 1:15-cv-11080. Appellant has filed a number of documents in this case, including two separate motions for leave to appeal and notices to designate issues on appeal. (Doc. Nos. 2, 4). In these documents, appellant has listed different issues for the court to consider. Document 2 lists the issues for appeal as (1) "whether the Bankruptcy Court abused his discretion in denying the Debtor a continuance and leave to appear by telephone at the hearing" and (2) "whether the Bankruptcy Court committed clear error when he granted the Appellee's motion to dismiss." (Doc. No. 2 at 2). No party in the bankruptcy proceeding filed a motion to dismiss. As a result, the court will consider those issues raised in appellant's second motion for leave to appeal, Document 4.

## II. Standard of Review

Federal district courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . .". 28 U.S.C. § 158(a) (2012). However, parties do not have an absolute right to appeal non-final orders or decrees. Coopers & Lybrand v. Livesay, 437 U.S. 473, 474 (1978) (citing The Interlocutory Appeals Act of 1958, 28 U.S.C. § 1291(b)). When seeking leave to appeal an interlocutory order or decision, an appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand, 437 U.S. at 475 (citing Fisions, Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972)).

In addition, a district court's analysis of a motion for interlocutory appeal mirrors the analysis employed by our Court of Appeals to certify interlocutory review under 28 U.S.C. § 1291(b). See PKMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 78 (E.D. Va. 2000); Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 652 (E.D. Va. 1996) (internal citations omitted). As part of this examination,

> leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is substantial ground for

4

>     a difference of opinion, and 3) immediate appeal would
>     materially advance the termination of the litigation.

Id.  Under Fourth Circuit precedent, "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."  Fannin v. CSX Transp., Inc. 873 F.2d 1438, 1438 (4th Cir. 1989) (unpublished).  Furthermore, when considering the propriety of an appeal from a bankruptcy court's interlocutory order, the district court must accept the bankruptcy court's findings of fact unless such findings are clearly erroneous.  In re. Johnson, 960 F.2d 396, 399 (4th Cir. 1992); see also KPMG Peat Marwick, 250 B.R. at 78 ("Put differently, decisions as to fact made in the exercise of a bankruptcy court's discretion will not be set aside unless there is plain error or an abuse of discretion.") (internal citations and quotation marks omitted).

### III. Analysis

The first element for the court's examination is whether the order for which appellant seeks review is one that involves a controlling question of law.  As noted above, a controlling question of law is a narrow question that is completely dispositive of the entire case.  See Fannin, 873 F.2d at 1438.  Appellant contends that the bankruptcy court's grant of the

5

Trustee's motion "involves a controlling question of law in that the [Trustee's] amended notice was still deficient as a matter of law and the [Trustee] had not met his burden of proving that abandonment was appropriate herein."  (Doc. No. 4 at 1).

However, it does not appear, and appellant does not argue, that these issues were completely dispositive of the entire case.  The court granted appellant a discharge soon after entering the order to abandon certain property, but it does not appear that the discharge hinged upon the issue of abandoned property and that issue alone.  Nor does it appear that the bankruptcy court's denial of appellant's motions to continue or appear telephonically disposed of the substantive issues in this bankruptcy proceeding.  As a result, the court cannot say that the orders from which appellant seeks review involved a controlling question of law.

Secondly, the court must consider whether a substantial ground for difference of opinion exists regarding the issues appellant has raised.  In cases where a court finds that a controlling issue of law is not implicated, it follows that substantial grounds for a difference of opinion do not exist.  See DSP Acquisition, LLC v. Free Lance-Star Publ'g Co. of Fredericksburg, Va., 512 B.R. 808, 813 (E.D. Va. 2014) ("Obviously, without a controlling question of law affected by the appeal, there cannot be substantial grounds for a difference

6

of opinion on that legal issue."). Appellant has not identified any differing opinions on these legal issues and it does not appear that any exist. Instead, it is well established that the bankruptcy court has the discretion to deny a motion to continue or appear by telephone and to grant a Trustee's motion for abandonment. See In re. Michael, 285 B.R. 553, 556–58 (Bankr. S.D. Ga. 2002) ("Bankruptcy is a privilege, not a right. . . . There is no constitutional right in play here, and Debtor has no absolute right to appear telephonically."); 11 U.S.C. § 554(a), (b) ("On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."). The court cannot find substantial ground for difference of opinion on either of these issues.

Finally, the court must consider whether immediate appeal would materially advance the termination of the litigation and, in this case, the court finds that it would not. As stated above, appellant received a discharge soon after the bankruptcy court entered the orders of which he complains. Before the court could rule upon this appeal, the bankruptcy court fashioned an appropriate remedy in this case. Needless to say, the bankruptcy court did not need this court's intervention to advance materially the termination of the litigation. None of

the three outlined elements support the consideration of an interlocutory appeal and, therefore, the court must deny appellant's motion.

The court has also considered whether appellant's case presents those exceptional circumstances that would justify the intrusion of appellate review before the entry of a final judgment. While a final judgment has issued in this case, even if it had not, the court would nevertheless find that appellant has not demonstrated exceptional circumstances. As outlined above, there is nothing exceptional in either appellant's case or the issues he has raised that warrants a departure from the basic policy of postponing appellate review until after final judgment.

Furthermore, even if interlocutory review was appropriate, the court would nevertheless affirm the bankruptcy court's rulings. It was neither unreasonable nor an abuse of discretion for the bankruptcy court to deny appellant's motion to continue, having already given him an additional one month extension to prepare for the hearing. Appellant filed for the safe harbor of bankruptcy relief; it was his responsibility to pursue the relief he sought. The court notes that appellant stated that he did not have the funds to travel to Charleston, West Virginia for the hearing, but this did not require the bankruptcy court to grant him another continuance. Appellant initiated this

bankruptcy proceeding in the Bluefield Division of the Southern District of West Virginia on January 8, 2015.  The following day, appellant moved the court to transfer the case to the Charleston Division, stating that the location was more convenient for him.  (In re. Salau, Doc. No. 9).  Even though he provided a Princeton, West Virginia address to the court, appellant stated in his motion to continue that it was too costly for him to travel to the hearing from his home in Bloomington, Indiana.  (In re. Salau, Doc. No. 68).  Bankruptcy Judge Pearson stated on the record that he had given appellant every opportunity to attend the hearing, but was seriously concerned about the progress of the bankruptcy case.  In light of these concerns, the court cannot find that the bankruptcy judge abused his discretion in denying appellant's second motion to continue.

Furthermore, it was not an abuse of discretion to deny appellant's motion to appear at the hearing by telephone.  As stated above, a debtor does not have an absolute right to appear at a hearing telephonically.  In re. Michael, 285 B.R. at 558.  It is clear from the record that Bankruptcy Judge Pearson was seriously concerned about the progress of appellant's case and harbored sincere doubts concerning appellant's efforts to pursue faithfully his causes of action.  Notably, appellant failed to file complete schedules and, furthermore, Bankruptcy Judge

Pearson wanted to ensure that appellant remained a resident of the Southern District of West Virginia. It was not unreasonable for Bankruptcy Judge Pearson to require appellant's physical presence, rather than a telephonic one.

Additionally, the bankruptcy court did not err when it granted the Trustee's motion to abandon certain property. Under 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

A trustee enjoys certain rights upon commencement of a bankruptcy case and is "in position to take control of the litigation." Meyer v. Fleming, 327 U.S. 161, 165–66 (1946). "If a trustee is appointed to oversee the debtor's estate, the trustee succeeds to the interests which the debtor had at the time of his filing." In re. Wilson, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) (citing 11 U.S.C. §§ 541, 542). But a trustee need not "accept onerous or unprofitable property surrendered as part of the estate," and may abandon that property pursuant to § 554(a). Id. (internal citations omitted). And, "[i]n keeping with the goal of the bankruptcy reform movement to divorce courts from ministerial duties, a trustee's disposition of estate property is reviewable only for the purpose of determining whether the decision was made in an arbitrary or

capricious manner." Id. (internal citations omitted). A bankruptcy court examining a motion to abandon "must focus its examination upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment 'made in good faith, upon a reasonable basis and with the scope of his authority under the Code.'" Id. (quoting In re. Curlew Value Assoc., 14 B.R. 506, 513-14 (D. Utah)). As noted by the Meyer court,

> the trustee in bankruptcy is not obliged to maintain or continue every cause of action which the bankrupt may have. . . . The relationship, therefore, between the bankrupt and his trustee is for one and the same purpose --to get out of the bankrupt's property and claims enough money to pay his debts and to relieve the bankrupt, through his discharge, from further responsibility.

327 U.S. at 166 n.9. Consequently, "it appears that the only concern of the trustee in determining whether to abandon a claim is whether such action would be in the best interest of the estate." In re. Wilson, 94 B.R. at 889 (emphasis in original).

In this case, appellant listed on his schedules and statement of financial affairs a number of lawsuits with unknown value. At the hearing on his motion to abandon, the Trustee stated that appellant's case was a "no asset case" and the estate did not have the resources to investigate or pursue the claims that appellant listed. The Chapter 7 Trustee further stated that many of the claims listed by the appellant, such as

11

the lawsuits, were too speculative to support inclusion in the estate.

The Chapter 7 Trustee in this case acted as the Bankruptcy Code instructs: he used his business judgment to act in the best interest of the estate. He determined that the estate did not have sufficient funds to explore fully lawsuits that were, on their face, speculative at best. This business judgment saved money for both appellant and his creditors by abandoning lawsuits that only served to burden the estate while providing scant hope of potential value. Both by his actions and his representations to the bankruptcy court, the Trustee met his burden of proving burdensomeness or inconsequentiality of the abandoned lawsuits, in contrast to appellant's arguments. On this record, the court finds that the bankruptcy court did not err in permitting the Trustee to abandon this property.

Finally, the court finds that the Trustee's proposed intent to abandon property was sufficiently detailed to support abandonment. A notice of abandonment need not be "a paragon of grammatical beauty" in order to notify adequately those parties affected by the abandonment and to cite specifically the property proposed for abandonment. In re. Furlong, 450 B.R. 263, 269 (D. Mass. 2011). The notice in this case clearly stated that the property proposed for abandonment was "[a]ll lawsuits listed by the Debtor, on his schedules and statement of

financial affairs." (In re. Salau, Doc. No. 49). Obviously, this notice was sufficient to inform appellant of the proposed disposition of the property, as he filed an objection to the notice. Therefore, the court finds that the proposed notice of abandonment was appropriately detailed and the bankruptcy court did not err in permitting the abandonment of lawsuits from appellant's estate. Upon review of the record in this case, appellant is not entitled to relief.

### IV. Conclusion

Accordingly, appellant's motions for leave to file an interlocutory appeal, (Doc. Nos. 2, 4), are **DENIED**. The remaining motions associated with this case, (Doc. Nos. 7, 13), are hereby **DENIED** as moot and the Clerk is **DIRECTED** to remove this case from the court's docket.

The Clerk is further **DIRECTED** to send copies of this Order to all counsel of record and appellant, pro se.

**IT IS SO ORDERED** this 14th day of January, 2016.

Enter:

David A. Faber
Senior United States District Judge